PER CURIAM.
This is a disciplinary proceeding instituted by The Florida Bar against Brantley Burcham, a member thereof.
The referee found the respondent “did attempt, by indirect means, to contact heirs at law of the Estate of Helen D. Lubbe, deceased, in an effort to negotiate settlement, despite the fact that Respondent had knowledge that such heirs were represented by counsel.” The referee recommended that respondent be found guilty as charged in paragraph 5 of the complaint, which alleged:
“5. After said heirs-at-law retained counsel and instituted legal proceedings to invalidate said residual clause, respondent contacted, or attempted to contact, directly or through other persons, certain of the heirs in an effort to negotiate a settlement despite the fact respondent knew such heirs were represented by counsel. In course of said settlement efforts by respondent misrepresentations of law and fact were made -to the heirs concerning said estate and the litigation then pending.”
and particularly that he be found guilty of violation of Article XI, Rule 11.02(3) (a) of the Integration Rule 31 F.S.A., and Canon 9 of the Code of Ethics governing attorneys and, on the basis of such findings, recommended to the Board of Governors that “in view of the long period of time that this matter has been pending and the fact that Respondent is not now and has not since 1950 been actively engaged in the practice of law, it is recommended that a private reprimand be administered to Respondent under the provisions of Rule 11.07(1),” and that the costs of these proceedings bé taxed against respondent.
Such recommendations were, in accordance with the provisions of the Integration Rule, filed with the Board of Governors and, upon consideration thereof, the Board of Governors found that, in addition to the charges sustained by the referee, the respondent, who was the residuary legatee under the Will of the decedent Lubbe, in the course of settlement efforts made misrepresentations of law and fact to the heirs concerning the settlement and the litigation then pending and found that, in addition, he had been guilty of violation of Canon & of the Code of Ethics governing attorneys. Contrary to the recommendation of the referee, it was the judgment of the Board of Governors that the respondent be suspended from the practice of law for one year and thereafter until he should demonstrate to the Board and the Court his fitness to resume the practice of law and that costs in the amount of $648.15 should be paid by him.
More than thirty days have now elapsed since the filing of the judgment of the Board of Governors in this Court and, although the respondent has been duly served with copies thereof, he has not sought review of such judgment; thereupon,
It is ordered that the respondent Brantley Burcham, a member of The Florida Bar, be and he is hereby suspended from the practice of law for a period of one year from the effective date of this order and thereafter until he shall demonstrate to the Board of Governors of The Florida Bar and this Court his fitness to resume the practice of law.
It is 'further ordered that The Florida Bar do have and recover of the respondent Brantley Burcham its costs in this behalf lawfully expended in the sum of $648.15, for which let execution issue.
THOMAS, Acting C. J., and DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.